[Cite as *State v. Spiegel*, 2026-Ohio-2871.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

GARY B. SPIEGEL,

    DEFENDANT-APPELLANT.

CASE NO. 5-26-05

OPINION AND
JUDGMENT ENTRY

---

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

GARY B. SPIEGEL,

    DEFENDANT-APPELLANT.

CASE NO. 5-26-06

OPINION AND
JUDGMENT ENTRY

---

**Appeals from Hancock County Common Pleas Court**
**Trial Court Nos. 2024 CR 00327 and 2025 CR 00123**

**Case Number 5-26-05: Dismissed**
**and**
**Case Number 5-26-06: Judgment Affirmed**

**Date of Decision: July 27, 2026**

Case Nos. 5-26-05, 06

**APPEARANCES:**

*W. Alex Smith* **for Appellant**

*Maalaea K. Newell* **for Appellee**

**WALDICK, J.**

{¶1} Defendant-appellant, Gary B. Spiegel ("Spiegel"), brings these consolidated appeals from the February 5, 2026 judgments of the Hancock County Common Pleas Court sentencing him to an aggregate 53-month prison term. For the reasons that follow, appeal 5-26-05 is dismissed, and appeal 5-26-06 is affirmed.

*Background*

{¶2} On December 3, 2024, Spiegel was indicted in trial court case 2024-CR-327 for "Permitting Drug Abuse" in violation of R.C. 2925.13(B), a fifth degree felony (Count 1), and Aggravated Possession of Drugs in violation of R.C. 2925.11(A), a fifth degree felony (Count 2).

{¶3} On April 15, 2025, Spiegel was indicted in trial court case 2025-CR-123 for Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A), a third degree felony, Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A), a fourth degree felony, and Having Weapons While Under Disability in violation of R.C. 2923.13(A)(2), a third degree felony.

-2-

{¶4} Spiegel entered into a written, negotiated plea agreement to resolve both cases against him. Pursuant to the agreement, Spiegel would plead guilty to Count 2 in case 2024-CR-327, and he would plead guilty to all three crimes alleged in trial court case 2025-CR-123. In exchange for Spiegel's guilty pleas, the State agreed to dismiss Count 1 in trial court case 2024-CR-327.

{¶5} On September 16, 2025, a change-of-plea hearing was held wherein the agreement was recited and the trial court determined that Spiegel was entering knowing, intelligent, and voluntary pleas. Spiegel's pleas were accepted, he was found guilty of the crimes he pled guilty to, and a pre-sentence investigation was ordered.

{¶6} Spiegel originally proceeded to sentencing on both cases on October 30, 2025. At the hearing, Spiegel's substance abuse issues were discussed. As Spiegel had successfully completed one program related to substance abuse while his cases were pending, the trial court decided to continue the sentencing hearing to see if Spiegel could maintain his drug treatment and overcome the presumption in favor of prison attached to one of his charges.

{¶7} On January 6, 2026, Spiegel proceeded to sentencing. Spiegel requested another continuance of the sentencing hearing because he had been in a mental health facility and because he had issues with alcohol since the prior sentencing hearing. Spiegel had not continued with his substance abuse treatment. The trial

court denied Spiegel's request for a continuance, noting that Spiegel was only given extra time to prove he could follow-through with treatment. Spiegel was then sentenced to serve an aggregate 53-month prison term. Judgment entries memorializing Spiegel's sentence were filed February 5, 2026. It is from these judgments that Spiegel appeals, asserting the following assignment of error for our review.

### Assignment of Error

**The trial court imposed a sentence contrary to law when it ordered Defendant-Appellant to pay $600 in METRICH reimbursement even though $100 of that amount was expressly attributed to an uncharged and unindicted April 2025 incident rather than to the offenses of conviction.**

{¶8} In his assignment of error, Spiegel does not challenge his prison sentence or his convictions. Rather, he argues that the trial court erred by imposing a total of $600 in reimbursement when $100 of that reimbursement was for an "uncharged and unindicted incident." He contends there was no agreement for Spiegel to pay the extra $100, and that the trial court erred by imposing the additional financial sanction on him.

Controlling Authority

{¶9} Revised Code 2929.18(A)(1) authorizes a trial court to impose restitution as part of a sentence in order to compensate the victim for economic loss.

*State v. Lalain*, 2013-Ohio-3093, ¶ 20. Revised Code 2929.18(A) reads, in pertinent part:

> (A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section 2929.32 of the Revised Code, may impose upon the offender a fine in accordance with that section, and shall sentence the offender to make restitution pursuant to this section and section 2929.281 of the Revised Code. The victim has a right not to seek restitution. Financial sanctions that either are required to be or may be imposed pursuant to this section include, but are not limited to, the following:
>
> (1) Restitution by the offender to the victim of the offender's criminal offense or the victim's estate, in an amount based on the victim's economic loss. In open court, the court shall order that full restitution be made to the victim, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. At sentencing, the court shall determine the amount of restitution to be made by the offender. The victim, victim's representative, victim's attorney, if applicable, the prosecutor or the prosecutor's designee, and the offender may provide information relevant to the determination of the amount of restitution. The amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court imposes restitution for the cost of accounting or auditing done to determine the extent of economic loss, the court may order restitution for any amount of the victim's costs of accounting or auditing provided that the amount of restitution is reasonable and does not exceed the value of property or services stolen or damaged as a result of the offense. The court shall hold a hearing on restitution if the offender, victim, victim's representative, or victim's estate disputes the amount. The court shall determine the amount of full restitution by a preponderance of the evidence. All restitution payments shall be credited against any

recovery of economic loss in a civil action brought by the victim or the victim's estate against the offender.

{¶10} Notably, Ohio Appellate Courts have held that " '[a] defendant who does not dispute an amount of restitution, request a hearing, or otherwise object waives all but plain error in regards to the order of restitution.' " *State v. Jones*, 2019-Ohio-4938, ¶ 22 (3d Dist.), quoting *State v. Snowden*, 2019-Ohio-3006, ¶ 88 (2d Dist.); *State v. Dunham*, 2014-Ohio-1042, ¶ 84 (5th Dist.); *State v. Downie*, 2009-Ohio-4643, ¶ 32 (7th Dist.); *State v. Ford*, 2012-Ohio-1327, ¶ 6 (9th Dist.). However, we emphasize that government entities generally do not constitute victims entitled to restitution. *State v. Stewart*, 2008-Ohio-5823, ¶ 10 (3d Dist.).

Reimbursement in the Record

{¶11} In order to properly address Spiegel's assignment of error, we must review the record with regard to any statements, arguments, or agreements regarding reimbursement. We will begin with Spiegel's written plea agreements.

{¶12} Separate written plea agreements were created for each trial court case. Both written plea agreements had sections for "Court Costs and Financial Sanctions." These sections detailed the potential fines that could be imposed and stated: "other restitution, reimbursements, and/or financial sanctions that may be permitted by law may be imposed[.]" There was no explicit mention of the reimbursement amounts in either written plea agreement.

**{¶13}** The first time a specific reimbursement amount to "METRICH" was mentioned in the record was near the end of the change-of-plea hearing. After the trial court determined Spiegel was entering knowing, intelligent, and voluntary pleas, the trial court found Spiegel guilty and ordered a pre-sentence investigation. The trial court asked if there was anything else that needed to be addressed, and the prosecutor stated as follows.

> The only other thing I wanted to note for the record is that at the time of sentencing, the State will be requesting the court order of forfeiture of the . . . firearm that is listed in the indictment . . . and will also be requesting reimbursement to METRICH in the same case, which I don't think I said it – it's the 2025 Case 123 for $500 to METRICH.

(Sept. 16, 2025, Tr. at 48). The following discussion then occurred, focusing primarily on the firearm to be forfeited.

> DEFENSE COUNSEL: [W]e acknowledge that, Your Honor, and realize that is going to be the request of the State. And, obviously, my client that [sic] was trying to get rid of the gun to begin with, he doesn't want it back and can't have it, so . . .[.]
>
> THE COURT: All right.
>
> [DEFENSE COUNSEL] No objection.
>
> THE COURT:  All right. Mr. Spiegel, was all that also true?
>
> THE DEFENDANT: Yes.
>
> THE COURT: That's what you and [defense counsel] are talking about?
>
> THE DEFENDANT: Yes, it was.

THE COURT: That doesn't change anything that we've talked about?

THE DEFENDANT: No.

(*Id*. at 48-49).

{¶14} Reimbursement to METRICH was next discussed at the original sentencing hearing on October 30, 2025. The State provided a summary of the proceedings and agreements, and stated the following:

[PROSECUTOR]: There is an agreement to reimburse METRICH going off of that, as I started to state earlier, I did make defense counsel aware of this and provided a police report to him for an additional allegation of trafficking that would've been alleged to have occurred in April of this year.

If the court remembers, there was a pretrial in April, I believe April 3, where the defendant had failed to appear at that time. So this would – this allegation would have been alleged to have happened two days prior to that pretrial. It is another controlled buy with a confidential informant.

Again, that police report had been provided to defense counsel, and I did discuss that with defense counsel in the court prior to this hearing. I would just make note of that, Your Honor.

As far as sentencing goes, we do not intend to file a new indictment for that charge as that report came to us after a plea had occurred in both of these cases that are before the court. Had we been aware of it prior to the plea, we may have indicted it and done a global resolution for all three cases. But because it did occur in April and we did not receive it until after our September plea, we have elected not to indict that case.

However, I do believe there is still an agreement to reimburse METRICH on that – on that incident, as well as the trafficking

incidents in the 2025 case, which would be a total of $500 to METRICH.

. . .

THE COURT: And there's no – I apologize. The reimbursement in the 25 case, you said is 500. Is there an additional sum as part of not filing the new case?

[PROSECUTOR]: Correct. There would be an additional $100 on the new incident.

THE COURT:  Okay. So the total, including that incident, which the State's agreeing not to indict, is now $600?

[PROSECUTOR]: Correct.

THE COURT:  Okay. All right. [Defense counsel]?

[DEFENSE COUNSEL]: Thank you, Your Honor.

First, we have objection to the additional 100 to METRICH for the – the April 1 incident that is not charged, but we understand the need to reimburse that. My client is at a point where he's willing to take that kind of responsibility and do what is necessary for him to, you know, to meet his responsibility so we'd have no objection to that.

(October 30, 2025, Tr. at 6-8).

{¶15} The remainder of the first sentencing hearing focused on Spiegel's substance abuse issues and his desire to overcome the presumption in favor of a prison term attached to one of his convictions. As Spiegel had completed his time at one treatment facility, and he was preparing to enter another, the trial court continued sentencing to see if Spiegel could continue to make better decisions.

{¶16} At the final sentencing hearing, on January 6, 2026, the State "incorporate[d]" its arguments from the prior hearing and recommended a prison term of at least 30 months. The PSI was entered into evidence as a court exhibit. As relevant to this case, it contained no specific mentions of any money being reimbursed to METRICH. Notably, the PSI contained a "recommendation" section including recommended "financial sanctions." This section had a box checked next to "You shall pay the costs of prosecution as arranged by your probation officer." There was another line, with the box unchecked, that stated "You shall make restitution/reimbursement in the amount of $___ to ___[.]" In addition to the box being unchecked, the amount was not filled-in.

{¶17} At the final sentencing hearing, defense counsel argued on Spiegel's behalf, then Spiegel made a statement again requesting another continuance, and apologizing for his failure to follow-through with treatment. When the parties indicated they had nothing more to add, the trial court proceeded to sentence Spiegel, discussing the sentencing factors and Spiegel's criminal history in open court. Ultimately the court sentenced Spiegel to serve an aggregate 53-month prison term.

{¶18} After the trial court pronounced the sentence, the trial court asked if there was anything else that needed to be addressed, and the following conversation occurred.

[PROSECUTOR]: Your Honor, I would renew my request to have the court order the reimbursement to METRICH in the amount of $600, which I believe we did agree on at the previous sentencing hearing.

THE COURT: I apologize. It was – and I had written that down and I omitted that. So I will order the reimbursement.
Is it 600 or 500?

[PROSECUTOR]: I believe it was 600 as we agreed on since the April incident that we did not indict, we included that one.

THE COURT: That's right. It was originally 500.

[PROSECUTOR]: Yes.

THE COURT:  Got it.
You would agree, [defense counsel]?

[Defense Counsel]: Yes, Your Honor - -

THE COURT:  That explains what my notes say. All right. And I apologize I did forget to. So I will order that as it was agreed.

(Tr. at 36-37).

{¶19} The final judgment entry in trial court case 2025-CR-123 stated as follows regarding reimbursement to METRICH. "It is further ORDERED that the Defendant shall reimburse METRICH Enforcement Unit the sum of Six Hundred Dollars ($600.00) to the Court, along with the costs of prosecution and any jury fees permitted pursuant to Ohio Revised Code §2947.23, as determined by the Clerk of Courts."

Analysis

**{¶20}** At the outset, a review of the record and Spiegel's arguments establishes that his assignment of error only challenges an order of reimbursement in trial court case 2025-CR-123, corresponding to appeal 5-26-06. Spiegel thus makes no arguments and alleges no error related to appeal 5-26-05. Therefore, appeal 5-26-05 is dismissed, and we will proceed to address Spiegel's argument as it pertains to appeal 5-26-06. *See* App.R. 16(A)(7); App.R. 12(A)(2).

**{¶21}** Spiegel argues that the trial court ordering him to pay an extra $100 in reimbursement in trial court case 2025-CR-123 was unlawful because the amount corresponded to a case that was not indicted and Spiegel never agreed to pay it.

**{¶22}** The State argues that there was an "expressed agreement placed on the record at the sentencing hearing that the Appellant agreed to pay the additional $100." (Appe. Br. at 2). The State argues that we have held previously that the parties could agree on a specific amount of reimbursement citing *State v. Stewart*, 2008-Ohio-5823 (3d Dist.) as support.

**{¶23}** In *Stewart*, reimbursement was awarded to the Wyandot County Sheriff's Office for drug buy money and drug testing expenses. Stewart argued that the Sheriff's Office was not a victim of the crime under the statute, and that he did not agree to pay the restitution/reimbursement via plea agreement. We determined that while the Sheriff's Office generally could not constitute a victim to receive

restitution, a defendant could contractually agree to reimburse a Sheriff's Office. Stewart's "plea agreement sentencing recommendation" specifically stated, "*[b]y agreement*, Defendant shall reimburse the Wyandot County Sheriff's Office[.]" (Emphasis sic.) *State v. Stewart*, 2008-Ohio-5823, ¶ 14 (3d Dist.).

{¶24} Here, although Spiegel's attorney initially stated the word "objection" to reimbursement for an additional $100 at the change-of-plea hearing, he continued by stating that Spiegel was ready to take responsibility for his actions, and concluded by stating "so we'd have no objection to that." In addition, at the final sentencing hearing, when the trial court ordered the reimbursement as requested by the State, the trial court specifically asked defense counsel if he would agree that the total amount of $600 was accurate, and defense counsel stated "Yes, Your Honor."

{¶25} In these circumstances, we do not find that the trial court erred by ordering the additional $100 in reimbursement where defense counsel specifically stated on the record at the sentencing hearing that he agreed with the trial court. At the very least, since defense counsel never objected at the sentencing hearing, we would review the matter for plain error, and we could find no plain error here given defense counsel's statements. *State v. Jones*, 2019-Ohio-4938, ¶ 22 (3d Dist.). For these reasons, Spiegel's assignment of error is overruled.

*Conclusion*

**{¶26}** As there are no errors alleged with regard to appeal 5-26-05, that appeal is dismissed. Having found no error prejudicial to Spiegel with regard to appeal 5-26-06, the judgment of the Hancock County Common Pleas Court is affirmed.

***Appeal 5-26-05 Dismissed***
***Appeal 5-26-06 Affirmed***

**MIILER, and WILLAMOWSKI, J. J., concur.**

Case Nos. 5-26-05, 06

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the judgment and order of this Court is as follows.

In Case Number 5-26-05, the judgment of the trial court is dismissed with costs assessed to Appellant for which judgment is hereby rendered. The cause is remanded to the trial court for execution of the judgment for costs.

In Case Number 5-26-06, the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
Juergen A. Waldick, Judge

_____
Mark C. Miller, Judge

_____
John R. Willamowski, Judge

DATED:
/jlm

-15-